THE PEOPLE *v.* RODRÍGUEZ.

APPEAL from the District Court of Guayama.

No. 57.—Decided March 27, 1907.

</div>

INFORMATION—DEFECT IN FORM.—Failure to state in an information before what official the witnesses upon whose testimony the same is based were sworn does not constitute a fatal defect, but merely a defect in form.

RAPE—BURGLARY.—In the case at bar it was alleged that the defendant having been convicted of rape, in the commission of which crime he necessarily had to commit burglary, with which he was charged, he could not be punished for the latter crime, in accordance with the provisions of section 44 of the Penal Code. *Held:* That although the facts in the record are not sufficient to admit of a discussion of the point, section 44 cited would not be applicable in any case, inasmuch as that section has reference to a case where one and the same act or omission is punishable under two different provisions of the Code, whereas in the case at bar two different acts are involved which constitute different crimes—that is to say, burglary and rape.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken from a judgment of the District Court of Guayama in a prosecution for burglary in the first degree.

An information was filed against José Rodríguez, by which he was accused as follows: On the night of January 10, 1906,

in the municipal district of Cidra, he broke a window in the dwelling house of Juan Rosario and unlawfully entered the house with intent to commit the crime of rape, which information, according to the statement of the *fiscal* of said court, was based on the sworn testimony of witnesses, but it did not state before whom they were examined and sworn.

The trial was held upon this information and Rodríguez, having been found guilty, was sentenced on April 30, 1906, to imprisonment in the penitentiary at hard labor for a term of four years and to pay the costs. He was to begin to serve this sentence immediatley upon finishing the term of eight years in the penitentiary to which he had been sentenced on the same date for the crime of rape.

The defendant took an appeal from this judgment on the ground that it was contrary to the evidence heard at the trial, but the record does not contain a bill of exceptions or statement of facts. Notwithstanding this, counsel for the appellant maintained the appeal in this Supreme Court, alleging the following grounds in support thereof:

"1. That the information does not conform to the provisions of the Code of Criminal Procedure, in that it does not set forth who examined the witnesses or who administered the oath to them, and therefore it is not known whether the person or official performing said acts had authority therefor.

"2. That the defendant having been convicted of the crime of rape, for the commission of which the burglary in question was a necessary means, he could not be punished for said act also, according to the provisions of section 44 of the Penal Code."

With regard to the first ground of the appeal, the objection alleged cannot be considered as a material error, but simply as a defect of procedure, which does not avoid the judgment rendered, and we have so held in the case of *The People of Porto Rico v. Manuel Alomar,* decided March 15, 1905.

As to the second ground, the record does not properly show that the defendant committed the burglary, for which he was

sentenced, for the purpose of committing the crime of rape, of which he was also convicted in another cause, and therefore we could put aside a consideration of this allegation on account of the absence of any fact duly proved which could serve as a basis for discussion; but out of consideration for the learned counsel for the appellant and starting out from the supposition that the burglary was used as a means to commit the rape, we find that section 44 of the Penal Code is not applicable to the case, because said section clearly refers to an act or omission punishable in different ways by different provisions of the Code, and here one single act is not involved but two different acts—that is to say, burglary defined in sections 408 and 409 of the Penal Code, and rape, defined in section 255 of the said Code. Burglary may be committed without rape, and rape without burglary; they are two different acts which must be punished separately.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justice Figueras, MacLeary and Wolf concurred.